20 N.J. Super. 111 (1952)
89 A.2d 98
AMERICAN MUSEUM OF NATURAL HISTORY, ET AL., PLAINTIFFS,
v.
JOHN B. KEENAN, & C., ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 19, 1952.
*112 Mr. Alfred I. Manson, Jr., for the plaintiff American Museum of Natural History (Messrs. Pitney, Hardin & Ward, attorneys).
Mr. Robert L. Hood for the plaintiff Guild Enterprises, Inc. (Mr. William J. Egan, attorney).
Mr. George B. Astley for the defendants (Mr. Charles Handler, attorney).
FREUND, J.S.C.
The complaint in this case was filed by the American Museum of Natural History and Guild Enterprises, Inc., the latter a corporation which operates the Newsreel Theatre on Broad Street, Newark, against the Director of Public Safety of the City of Newark and the city, to restrain them from interfering with the exhibition *113 of a film entitled "Latuko" and for the return of the film which the defendants had confiscated.
The film, in Technicolor, was made in Africa in 1950 under the direction of Edward M. Queeny, a trustee of the museum, during an official American Museum African expedition into the Anglo-Egyptian Sudan.
The complaint is verified and supported by numerous affidavits of officials of the museum, educators, scientists, clergymen and laymen, the latter connected with outstanding educational and civic organizations. The affidavits state that the film is an authentic photographic record of the life, customs and ceremonies of the Latuko tribe and is reported with absolute fidelity, depicting in documentary form the actual day-by-day living of the tribe.
On motion of the plaintiffs and with the consent of the defendants, the film was exhibited in the courtroom. From my viewing of the film, the proofs and argument, I wholeheartedly agree with the plaintiffs' contention that "there is nothing suggestive, obscene, indecent, malicious or immoral in the showing of the Latuko aborigines in their normal living state." While it is true that the men have been photographed naked and the women naked above the waist, the exposure of their bodies is not indecent; it is simply their normal way of living. They are not shown in any attitude or function to which exception might justifiably be taken. In my opinion, only a narrow or unhealthy mind could find any depravity in the film. The nakedness of the natives is such an inconsequential factor in what is an absorbing and instructive documentation that the plaintiffs should be protected in their contractual rights. The defendants have no authority to interfere with the presentation of the film or to confiscate it.
An appropriate order may be presented.