83 N.J. Super. 499 (1964)
200 A.2d 508
CITY OF NEWARK, PLAINTIFF-RESPONDENT,
v.
LEO LICHT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 30, 1964.
Decided May 15, 1964.
*501 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Jack Ballan, attorney for appellant.
Mr. Norman N. Schiff, Corporation Counsel, attorney for respondent (Mr. Joseph S. Pecora, Assistant Corporation Counsel, of counsel and on the brief).
The opinion of the court was delivered by CONFORD, S.J.A.D.
Defendant was charged and convicted in the Newark Municipal Court of violating section 20.19 of the Revised Ordinances of the City of Newark which provides, inter alia, that "no person shall import * * * any * * * thing which is obscene, indecent or impure, or manifestly tends to corrupt the morals of youth." The conviction was affirmed on appeal and trial de novo in the Essex County Court.
It appears that at the trial in the County Court it was established that some 37 photographs of male nudes, which were introduced into evidence, were found in defendant's possession at his home. He testified he had arranged to have these sent to him from various places outside Newark, including England, Washington, D.C., and Lakewood, N.J. Defendant is a mature male, having been employed by the Federal Government for over 30 years. There is no proof that he exhibited these photographs to anyone else. He testified he did not.
After the trial in the County Court the photographic exhibits were taken by a member of the staff of the Sheriff of Essex County, who was the prosecution witness against defendant, and turned over to the United States Postal authorities. The latter lost all of them, seemingly irretrievably. However, exact duplicates of a single one of these photographs have since been discovered and submitted to the court, and we have heretofore ruled in this matter on motion that the validity of the conviction will have to stand or fall upon the basis of this one exhibit since there can be no substitute for *502 appellate appraisal of the identical material impugned where the charge is obscenity. See State v. Hudson County News Co., 41 N.J. 247, 257 (1963).
Defendant attacks the conviction on a number of separate grounds, but we find one of them dispositive in his favor and therefore do not discuss the others. This is that the exhibit before us is not obscene, within the most recent authoritative judicial expressions concerning the obscenity of pictorial representations.
The exhibit is a front-view photograph of a nude boy of about 15 years of age, showing his body from about half-way down his thighs to the top of his head. He stands, arms akimbo, just as he might appear in a club-house shower room. His genitalia are no more concealed or accentuated than any other part of his body caught by the camera lens. The opinion of the County Court holding the exhibits obscene states: "In my view, the photographs tend to stress the genital organs with the apparent intent of appealing to the prurient interests of homosexuals." It may be that other photographs in the group of exhibits admitted in evidence warranted the conclusion stated. The surviving exhibit remaining before us does not, in our judgment.
In any event, a determination of this prosecution in favor of the defendant is strongly indicated by the opinion of Mr. Justice Harlan, rendered for himself and Mr. Justice Stewart, in Manual Enterprises v. Day, 370 U.S. 478, 479-495, 82 S.Ct. 1432, 8 L.Ed.2d 639 (1962). That opinion expands upon Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957), in defining the criteria of obscenity as against First Amendment standards of constitutionality. No other member of the court in Manual Enterprises expressly disagreed with Mr. Justice Harlan's views in the regard mentioned, and they have been specifically accepted by our own Supreme Court in State v. Hudson County News Co., supra (41 N.J., at pp. 255, 256).
Manual Enterprises involved the mailability of magazines consisting largely of photographs of nude or near-nude male *503 models, within an act of Congress prohibiting the mailing of obscene material. In setting aside an administrative order barring the publications from the mails as obscene, Justices Harlan and Stewart held that a determination of obscenity required a finding of the concurrency of two characteristics of the impugned material: (1) patent (or "self-demonstrating") offensiveness or indecency; and (2) dominant theme to average person, applying contemporary community standards, of appealing to a prurient interest. Conceding, apparently, that the peculiar nature of the photographs there before the court[1] was such as might appeal to the prurient interest of male homosexuals, a readership to which the magazines containing them were clearly addressed, the Justices nevertheless held the material not obscene because not patently offensive or indecent in terms of minimal national standards of decency. The photographs were held no more objectionable "than many portrayals of the female nude that society tolerates" (370 U.S., at p. 490, 82 S.Ct., at p. 1438). It was pointed out that much pictorial material in artistic and scientific works might appeal to the prurient interest of viewers or readers but yet not be offensive to the point of self-demonstrating indecency (370 U.S., at pp. 487, 488, 82 S.Ct., at p. 1432). Therefore the magazines in question were found not obscene although "dismally unpleasant, uncouth and tawdry."
In respect of the segment of society on which the effect of impugned material should be judged for offensiveness and prurient appeal, within the Roth-Manual Enterprises criteria of obscenity, the New Jersey Supreme Court in State v. Hudson County News Co., supra, after thorough review of the authorities, approved the frame of reference of "the average member of society" rather than the "weakest," and of "society at large" rather than "some local geographical area." (41 *504 N.J., at pp. 264-266). This would seem to rule out the effect solely upon homosexuals in applying the "prurient appeal" aspect of the obscenity test, although the opinion of Mr. Justice Harlan in Manual Enterprises does not go that far. In any event, we are completely satisfied that the single photograph before us cannot be fairly regarded as appealing to the prurient interest of the "average member of society." We are even more firmly convinced, particularly in the light of the Manual Enterprises opinion discussed above, that this photograph does not meet the added, coordinate test of "patent offensiveness" accentuated there. We make these determinations as mixed questions of fact and constitutional law, Ibid. (370 U.S., at p. 488, 82 S.Ct., at p. 1432).
The city seeks to distinguish the Manual Enterprises opinion on the basis that the private parts of the models were concealed in the material there involved but are exposed in the photograph before us here. The argument seems to be that an untouched photograph of the human male body, front view, is per se obscene. The mere statement of the proposition bespeaks its rejection.[2] Such a photograph could have any number of socially justifiable uses or purposes. However, it is as irrelevant for present purposes whether this particular defendant had any such worthwhile uses or purposes in mind in sending for the picture as were the apparent social worthlessness of the "unpleasant, uncouth and tawdry" material held not obscene in Manual Enterprises, supra, and the activities of its purveyors. Moreover, in respect of the distinction sought to be drawn by the city, it is common knowledge that far more erotic and suggestive effects can be achieved by the photographer or artist through the manner of concealment of some parts of the body and exposure of others than by the *505 open, unabashed disclosure of the whole nude figure. Cf. American Museum of Natural History v. Keenan, 20 N.J. Super. 111 (Ch. Div. 1952). For example, the photographs in the Manual Enterprises case, as described in the opinion (370 U.S., at p. 489, n. 13, 82 S.Ct., at p. 1432), would seem to us substantially more objectionable than that here before us. We are not of course to be understood as implying that a photograph of a completely nude person may not in a given delineated context and mode of representation be held obscene. See Collier v. United States, 283 F.2d 780, 782-783 (4 Cir. 1960), certiorari denied 365 U.S. 833, 81 S.Ct. 746, 5 L.Ed.2d 744 (1961).
The exhibit in question is not obscene, and the conviction is therefore reversed.
NOTES
[1] Although technically concealing the genitalia, the photographs were suggestive in other respects. Through the postures of the subjects, attention was focused on the area of the privates and on bare buttocks and on the theme of anticipated sexual activity. See 370 U.S., at p. 489, n. 13, 82 S.Ct. 1432.
[2] Note the attempt to reduce the whole subject of nudity to formulaic categorization for obscenity in Sunshine Book Company v. Summerfield, 128 F. Supp. 564 (D.D.C. 1955), affirmed 1014 U.S. App. D.C. 358, 249 F.2d 114 (D.C. Cir. 1957), reversed per curiam, 355 U.S. 372, 78 S.Ct. 365, 2 L.Ed. 352 (1958), citing Roth v. United States, supra.